State Finance Law §§ 5, 5(2)(a), 5(2)(b), 5(2)(e), 5(2)(h), 5(3), 5(3)(b), 5(3)(c); Internal Revenue Code § 457(b); United States Code §§ 26, § 457(b), 26, § 457(e); N.Y.C.R.R. §§ 9, § 9000.1, 9, § 9003.5(a), 9, § 9005.1; Canal Law § 10; Energy Law § 8-106; General Business Law § 803

The Deferred Compensation Board is not obligated to investigate, monitor, or enforce compliance by local deferred compensation plans.

December 21, 2017

David E. Fischer                                     Formal Opinion
Executive Director                                  No. 2017-F2
Deferred Compensation Plan
Empire State Plaza Concourse—North
Room 124
P.O. Box 2103
Albany, NY 12220-2103

Dear Mr. Fischer:

The Deferred Compensation Board (Board) oversees the deferred compensation plan established for state employees. A local governmental entity[1] can make a deferred compensation plan available to its employees by participating in the state deferred compensation plan or by establishing its own deferred compensation plan. You have asked about the Board's responsibility with respect to local governmental employers that establish their own deferred compensation plan. Specifically, you have asked whether the Board is obligated to take affirmative action to investigate, monitor, or enforce compliance by the local plans (a) with the regulations the Board has adopted regarding the standards and requirements of plans established under State Finance Law § 5 or (b) with section 457(b) of the federal Internal Revenue Code, under each of the following circumstances:

- In the absence of any notice of potential non-compliance,

---

[1] We will use "local governmental entity" or "local governmental employer" to refer to the non-State public employers that are authorized to establish a deferred compensation plan. These include "a county, city, town, village or any other political subdivision as defined in section one hundred thirty-one of the retirement and social security law or civil division of the state; a school district or any governmental entity operating a public school, college or university; a public improvement or special district; a public authority, commission or public benefit corporation; any other public corporation, agency or instrumentality or unit of government which exercises governmental powers under the laws of the state or any instrumentality jointly created by this state and any other state or states." State Finance Law § 5(3)(b).

- After becoming aware of non-compliance (for example, through an inquiry from a local plan or through media reports), or
- After providing written or oral advice to a local plan.

As explained below, we are of the opinion that the Board is not obligated to investigate, monitor, or enforce local plans' compliance with the Board's regulations or section 457(b) of the Internal Revenue Code.

Section 457(b) authorizes a state or local governmental unit to establish and maintain a deferred compensation plan for its employees. 26 U.S.C. § 457(b),(e). Participation in such a plan allows an employee to defer federal income taxation on retirement savings into future years. Plans that do not comply with the requirements of section 457, however, jeopardize the tax-deferred status of participants' contributions. The Internal Revenue Service enforces compliance with the requirements of section 457 of the Internal Revenue Code and its associated regulations.

The New York Legislature enacted section 5 of the State Finance Law to authorize the establishment of deferred compensation plans, for state and local government employees, that conform to the requirements of section 457. State Finance Law § 5(2)(a),(3). Section 5 of the State Finance Law creates the framework for a deferred compensation plan for state employees ("State Plan" or "Plan") and other plans for local governmental employees ("local plans"). Section 5 also lays out the Board's powers and duties with respect to those plans, which differ with respect to the different plans.

The Board was responsible for establishing the State Plan. State Finance Law § 5(2)(a). And the Board is required to promulgate rules and regulations for its appropriate administration. State Finance Law § 5(2)(a). The Board is authorized to contract with financial organizations to administer the State Plan and to invest funds held under the Plan. *Id.* § 5(2)(b). The Board also is authorized to hire employees deemed necessary and prudent to assist with administration. State Finance Law § 5(2)(h). In short, the Board is responsible for operating and overseeing the State Plan.

With respect to the local plans, the Board is charged with establishing the framework within which they operate—for example, the Board must adopt regulations addressing the selection of financial organizations both to participate in the plans and for investment purposes, State Finance Law § 5(2)(e)—but the Board is not responsible for administering or overseeing the local plans. Instead, the sponsoring local governmental employer administers or arranges for the

2

administration of a local plan. State Finance Law § 5(3)(c). Section 5 does not give the Board any oversight responsibility with respect to local plans.

The Board has adopted standards that apply to both the State Plan and local plans. 9 N.Y.C.R.R. § 9000.1. According to these standards, for example, a contract between the Board or a local governmental employer and an entity providing administrative services must be in writing and cannot exceed five years, and both the State Plan and local plans must file certain financial statements annually. 9 N.Y.C.R.R. §§ 9003.5(a), 9005.1.

In light of the scheme established by State Finance Law § 5, we conclude that the Board is not obligated to investigate, monitor, or enforce compliance by local plans with the regulations it promulgated or the Internal Revenue Code. The Board is a creature of statute and, as such, has only the powers the Legislature granted it and those necessarily implied from that grant. *In re Flynn v. State Ethics Com'n*, 87 N.Y.2d 199, 202 (1995). The authority granted to the Board relates to administering or overseeing the administration of the State Plan and to establishing the standards by which the State Plan and local plans will operate. The Legislature did not expressly grant the Board the power to initiate investigations into or to monitor or enforce compliance of local plans with those standards—powers the Legislature has explicitly granted in other contexts to specific state entities. *See, e.g.,* Canal Law § 10 (powers of the Canal Corporation include "[i]nvestigat[ing] all matters relating to the administration and operation of the canal system and its personnel" and "[e]nforc[ing] compliance with laws, rules and regulations relating to posting of limited loads and clearances" on certain bridges); Energy Law § 8-106 (administration and enforcement of State Lighting Efficiency Standards for Existing Public Buildings Act); General Business Law § 803 (Secretary of State's powers, with respect to hearing aid dispensers, to investigate and examine for compliance with state law). Nor, in our opinion, is such power necessarily implied from the relatively narrow authority the Legislature did grant: the Board can fulfill its statutory mandate without investigating or enforcing compliance with the regulations it promulgated or the Internal Revenue Code.

We therefore conclude that the Board is not obligated to investigate, monitor, or enforce compliance with the regulations it promulgated or the Internal Revenue Code.

Very truly yours,

ERIC T. SCHNEIDERMAN

3